UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN A. HAWKINS-EL,

    Plaintiff,

        v.                          CAUSE NO. 3:21-CV-527-JD-MGG

WILLIAM HYATTE,

    Defendant.

OPINION AND ORDER

    John A. Hawkins-El, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id*. (internal quotation marks and citation omitted).

Hawkins alleges inmates that were not assigned to his unit "were allowed" to enter it on February 17, 2021. ECF 1 at 2. They proceeded to assault and stab him, and they were not stopped on their way out because no officers were on the unit at the checkpoints at that time. Hawkins believes this was a "breach of procedures." *Id*. He has sued Defendant William Hyatte, the Warden of the Miami Correctional Facility, for monetary damages and alleges he is liable for the stabbing because he is responsible for the safety of the facility. He has also requested that the Miami Correctional Facility be shut down.

Officials cannot be held liable simply because they oversee the operations of a prison or supervise other police or correctional officers because there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Thus, the complaint does not state a claim against Warden Hyatte.

The current complaint does not state a claim for which relief can be granted. Nonetheless, Hawkins may file an amended complaint if he has additional facts which he believes would state a claim because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To

2

file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court. Of note, he should only file an amended complaint if he believes the deficiencies mentioned above can be cured.

For these reasons, the court:

(1) GRANTS John A. Hawkins-El until **August 30, 2021**, to file an amended complaint; and

(2) CAUTIONS John A. Hawkins-El if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on July 26, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT